IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SHAOMING ZHANG, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 6:22-cv-1961 |
| | ) |
| PUBLIX SUPER MARKETS, INC. | ) |
| a Florida Corporation, | ) |
| | ) |
| | ) |
|    Defendant. | ) |
| _____ | ) |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant PUBLIX SUPER MARKETS, INC., a foreign profit corporation, (hereinafter "Defendant"), removes this action from the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. As grounds for removal and for no other purpose, Defendant states:

1. On or about September 22, 2022, Plaintiff Shaoming Zhang ("Plaintiff") commenced an action in the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida, captioned *SHAOMING ZHANG V. PUBLIX AT ORMOND TOWN SQUARE*, Case No. 22-40053-COCI (the "State Court Action").

2. On or about October 5, 2022, Plaintiff served the Complaint on Defendant.

FP 45443939.1

3. Defendant is filing this Notice of Removal within thirty (30) days after service of the Summons and Complaint. The date on or before which Defendant is required by law to remove this action is November 4, 2022. Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

4. The Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida is located within the Middle District of Florida. Local Rule 1.02(b)(4). Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. §1441(a).

5. In accordance with 28 U.S.C. §1446(a) and Local Rule 4.02(b), a copy of the entire court file in the State Court Action, including all pleadings and papers that have been filed and served on Defendant in the State Court Action, is attached to this Notice as <u>Exhibit A</u>. Plaintiff has not served upon Defendant any other process, pleadings, or orders.

6. Promptly upon filing this Notice of Removal, Defendant will give written notice to Plaintiff, who is proceeding pro se, and will file a copy of this Notice of Removal with the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, as required by 28 U.S.C. §1446(d). Attached to this Notice as <u>Exhibit B</u> is a copy of the Notice of Defendant's Notice of Removal to Federal Court which is being filed in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida.

## This Court Has Original Federal Question Jurisdiction
## Over Plaintiff's Complaint

7. This Court has original jurisdiction over Plaintiff's Complaint because it alleges one count for alleged violations of 42 U.S.C. § 1983, and another count alleging violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a. Pursuant to 29 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## This Court Has Supplemental Jurisdiction
## Over Plaintiff's Complaint

8. Furthermore, this Court should exercise supplemental jurisdiction over Plaintiff's remaining claim. In Count II of the Complaint, Plaintiff also alleges a violation of the Florida Civil Rights Act of 1992, Florida Statutes Chapter 760, in conjunction with the alleged violation of Title II of the Civil Rights Act of 1964. Pursuant to 28 U.S.C. § 1367(a), "… in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the elements of Plaintiff's federal claim and state law claim in Count II of the Complaint are identical. Therefore, Count II of the Complaint involves the same facts, occurrences, witnesses, and evidence, and thus, are so related that they form part of the same case or controversy under Article III of

the U.S. Constitution. This commonality is sufficient to satisfy the constitutional minimum required by § 1367(a). *See, e.g.*, *Palmer v. Hosp. Auth. of Randolph City*, 22 F.3d 1559, 1566 (11th Cir. 1994).

WHEREFORE, Defendant hereby gives notice pursuant to 28 U.S.C. § 1446 of the removal of this action from the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and request that all further proceedings be conducted in this Court as provided by law.

Date: October 25, 2022                **FISHER & PHILLIPS, LLP**

*/s/ Christine Howard*
Christine Howard, Esq.
Florida Bar No.: 872229
choward@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
FISHER & PHILLIPS LLP
101 E. Kennedy Blvd., Suite 2350
Tampa, FL 33602
Telephone:   (813) 769-7500
Facsimile:   (813) 769-7501

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of October 2022, the foregoing was filed electronically with the Clerk of Court's electronic filing system and sent via US Mail to:

Shaoming Zhang
P.O. Box 721081
Orlando, FL 32872-1081

                                                 */s/ Christine Howard*
                                                 Attorney