UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAOMING ZHANG,

      Plaintiff,

v.                                     Case No: 6:22-cv-1961-PGB-EJK

PUBLIX AT ORMOND TOWNE
SQUARE,

      Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion") (Doc. 7), filed November 1, 2022. Plaintiff, proceeding *pro se*, has not responded to the Motion, and the time to do so has expired. Upon consideration, I respectfully recommend that the Motion be granted, but that Plaintiff be given an opportunity to amend.

**I.    BACKGROUND[1]**

Plaintiff brings this action against Defendant "Publix at Ormond Towne Square," for two separate incidences that occurred at Defendant's grocery store. Count I, which Plaintiff purports to bring under 42 U.S.C. § 1983, alleges that, on an unspecified date, Defendant refused to refill Plaintiff's prescription for Truvada

---

[1] The facts are derived from the Complaint, the allegations of which the Court must accept as true in ruling on the Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

200/300, a medication used to prevent HIV infections, based on discriminatory intent. (Doc. 1-3 at 1.) Count II, which Plaintiff brings pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"), and the Florida Civil Rights Act of 1992, Florida Statutes Chapter 760 ("FCRA"), alleges that, on October 21, 2017, Plaintiff attempted to purchase a turkey wrap at the deli department, but was asked to pay for the food at the register based on a discriminatory motive. (Doc. 1-3 at 2.) The Ormond Beach Police later issued Plaintiff a warning. (*Id.* at 7.)

On October 25, 2022, Defendant removed this case from the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida to this Court. (Doc. 1.) Defendant then filed its Motion to Dismiss on November 1, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.)

## II.   STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are also insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).

### III. DISCUSSION

#### A. Count One

Defendant argues that Plaintiff fails to state a claim in Count I, which Plaintiff appears to bring pursuant to 42 U.S.C. § 1983, because Plaintiff does not allege which of Plaintiff's constitutional rights Defendant allegedly infringed, fails to allege that Defendant is a state actor, and does not identify a timeframe as to when the alleged incident occurred. (Doc. 7 at 2.) The undersigned addresses each argument in turn.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). First, Plaintiff does not allege which of his federal constitutional rights Defendant allegedly infringed. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). "The first step in any such claim is to *identify the specific constitutional right* allegedly infringed." *Id.* (emphasis added). Here, in the paragraph proceeding Count I, Plaintiff alleges he has been "deprived or rejected from equal civil rights when shopping and dining at the public accommodation of Publix at

Ormond Towne Square," but falls short of identifying a specific constitutional right. (Doc. 1-3 at 1.) Additionally, he does not incorporate that paragraph into Count I and also does not allege any other constitutional right in Count I. At this juncture, the Complaint does not provide the Court or Defendant with adequate notice as to which constitutional right Plaintiff seeks recovery under and therefore, Plaintiff does not adequately allege a claim under § 1983.

Next, Plaintiff fails to allege that Defendant was acting under color of state law. *Griffin*, 261 F.3d at 1303. "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* Here, Plaintiff makes no allegation to satisfy this requirement. His allegation that Publix is a "public accommodation" does not suffice. (Doc. 1-3 at 1.) "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). One of the following three conditions must be met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Comms. Workers of Am.,* 860 F.2d 1022, 1026–27 (11th Cir.1988)). Again, the allegations in the Complaint do not satisfy any of the three enumerated tests.

Lastly, Plaintiff does not allege when the incident giving rise to Count I occurred, and therefore, the Court cannot ascertain whether Plaintiff brings this claim in a timely manner.

For all of the above referenced reasons, the undersigned respectfully recommends that Count I be dismissed.

### B. Count Two

Defendant argues that Count II should be dismissed for failure to exhaust administrative remedies under Title II and the FCRA. (Doc. 7 at 2.) Additionally, Defendant argues that Count II should be dismissed because Plaintiff does not adequately allege that Defendant is a public accommodation. (*Id.*) The undersigned addresses each argument in turn.

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). In a similar vein, the FCRA provides that "[a]ll persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion." Fla. Stat. § 760.08.

To bring a claim under Title II, a Plaintiff must first exhaust state or local administrative remedies, if available:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, **no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person**, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c) (emphasis added); *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.3 (11th Cir. 2017) (unpublished) (citing 42 U.S.C. § 2000a-3(c)). Likewise, under the FCRA, the Florida Commission on Human Relations ("FCHR") is charged with investigating complaints made pursuant to the FCRA and any claim brought pursuant to the FCRA must first be submitted to it. Fla. Stat. §§ 760.06, 760.11; *Strober*, 701 F. App'x at 913 n.3.

A review of Plaintiff's Complaint demonstrates that he has not alleged that he has exhausted his administrative remedies pursuant to either Title II or the FCRA. Therefore, the Complaint is due to be dismissed on this basis as well. *Adeniji v. Fla. State College*, No. 3:11-cv-443-J-34-TEM, 2012 WL 1715899, at *3 (M.D. Fla. May 15, 2012) (recommending dismissal of complaint in part because plaintiff failed to exhaust administrative remedies as provided under the FCRA, in her claim brought pursuant to Title II), *report and recommendation adopted*, 2012 WL 1715899 (M.D. Fla. Jan. 31, 2012); *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1360 (S.D. Fla. 2001) (granting motion

to dismiss complaint in part because plaintiff failed to exhaust administrative remedies provided under the FCRA, in his claim brought pursuant to Title II); *Gillis v. Sports Authority, Inc.*, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000) ("Prior to filing suit for alleged violations of the FCRA, a plaintiff must first exhaust his administrative remedies under the FCRA by filing a timely charge of discrimination with the FCHR.")

Next, Defendant argues that it is not a public accommodation subject to suit under Title II or the FCRA. In his Complaint, Plaintiff does allege that Publix is a public accommodation pursuant to 42 U.S.C. § 2000a(b)(2), which defines public accommodation as "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station." (Doc. 1-3 at 1.)

Defendant has cited only persuasive authority for the proposition that it is not a public accommodation. (*See* Doc. 7 at 8.) In the absence of controlling authority on this issue and because an alternative basis exists to dismiss Count II, the undersigned does not reach the issue of whether Publix is a public accommodation under Title II or the FCRA.[2]

---

[2] However, to the extent the presiding District Judge disagrees with the recommendations above, the undersigned requests that the matter be referred again for additional consideration.

### C. Amendment

Because Plaintiff has not responded to the Motion to Dismiss, he has not specifically requested leave to amend. Defendant, on the other hand, requests dismissal with prejudice. (Doc. 7 at 9.)

A district court may deny leave to amend in cases where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that [she] could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (unpublished). However, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam). Because Plaintiff could potentially amend his complaint to assert a viable cause of action, the undersigned respectfully recommends that the Court allow him an opportunity to amend the Complaint.

### IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 7);
2. **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint (Doc. 1-3); and

3. **ALLOW** Plaintiff an opportunity to amend his Complaint.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 12, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE