UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAOMING ZHANG,

        Plaintiff,

v.                                            Case No: 6:22-cv-1961-PGB-EJK

PUBLIX AT ORMOND TOWNE
SQUARE,

        Defendant.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendant's Motions to Dismiss (Doc. 7 (the "**Motion to Dismiss**"));

2. United States Magistrate Judge Embry J. Kidd's Report and Recommendation that the Court dismiss the case without prejudice with leave to amend (Doc. 16 (the "**Report**")) and Plaintiff's objections thereto (Docs. 17, 20 (the "**Objections**");

3. Plaintiff's Motion for Recusal of Magistrate Judge Embry J. Kidd (Doc. 19 (the "**Recusal Motion**")); and

4. Plaintiff's Motion for Extension of Time to File Objections (Doc. 18 (the "**Motion for Extension of Time**")).

Upon consideration, the Court finds that the Motion for Extension of Time is due to be granted, the Report adopted, the objections overruled, the Motion to

Dismiss granted in part, the Motion for Recusal denied, and the case dismissed without prejudice.

Plaintiff filed the instant case in state court alleging in a two-count complaint that he "has been deprived or rejected from equal civil rights when shopping and dining at the public accommodation of" a specific Publix grocery store. (Doc. 1-3, p. 1). In Count I, Plaintiff alleged generally that Publix refused to refill his prescriptions "for no other reason other than discriminations" under 42 U.S.C. § 1983. (*Id.*). In Count II, Plaintiff further alleged a law protecting the public against discrimination in places of public accommodation also pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("**Title II**"), and the Florida Civil Rights Act of 1992, FLA. STAT. § 760 ("**FCRA**"). (*Id.* at pp. 1–2).

On October 25, 2022, Defendant removed the case to this Court. (Doc. 1). Defendant filed the instant Motion to Dismiss on November 1, 2023. (Doc. 7). Therein, Defendant argued, first, that Count I failed to state a claim because, among other things, it did not allege the necessary element of state action, (*id.* at pp. 3–5), and second, that Count II failed because Plaintiff failed to allege he has exhausted his administrative remedies. (*Id.* at pp. 5–6). Plaintiff failed to respond.[1]

---

[1] Plaintiff objects that it never received the Motion to Dismiss. (Doc. 20, p. 1). With the occasion to object in opposition now, the Court finds this quibble is of no consequence. Regardless, under Federal Rule of Civil Procedure 5(b)(2)(C), a paper is served by "mailing it to the [party's] last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). The Eleventh Circuit has repeatedly "recognized a rebuttable presumption that an item properly mailed was received by the addressee." *In re Farris*, 365 F. App'x 198, 199 (11th Cir. 2010). To rebut such a presumption, evidence must be produced that would lend to a finding that a presumed fact does not exist. *Id.* at 200. However, "[t]he mere denial of receipt, without more, is insufficient to rebut the presumption." *Id.*

Magistrate Judge Kidd issued the instant Report recommending dismissal with leave to replead. (Doc. 16). Magistrate Judge Kidd recommended that Count I be dismissed because, first, the "Complaint does not provide the Court or Defendant with adequate notice as to which constitutional right Plaintiff seeks recovery under and therefore, Plaintiff does not adequately allege a claim under § 1983" and second, because Plaintiff failed to properly allege state action through a state actor. (*Id.* at pp. 4–5). In addition, Magistrate Judge Kidd recommended Count II be dismissed because Plaintiff failed to allege he has exhausted administrative remedies as required. (*Id.* at p. 6). However, Magistrate Judge Kidd recommended dismissal without prejudice and with leave to amend the complaint as Plaintiff could potentially assert a viable cause of action by remedying the deficiencies laid out in the Report. (*Id.* at. p. 8).

Plaintiff now objects, although in an untimely manner. (Docs. 17, 20). Plaintiff simultaneously requests extension of time to file his objections, which, though not required to do so, the Court will grant in the interests of justice as the

---

The instant case presents a situation practically indistinguishable from *In re Farris*. *In re Farris* involved a plaintiff who claimed he had not received notice of a hearing. *Id.* at 198. However, the court's notice was supplemented with a certificate of service indicating that the notice was mailed to plaintiff at the home address he provided in one of his initial filings. *Id.* at 199–200. Thus, the Court concluded that without further rebuttable evidence, plaintiff's denial of receipt by itself was insufficient, and thus notice of receipt was presumed. *Id.* at 200.

Here, the Court's internal records demonstrate the Motion was mailed to Plaintiff on November 3, 2022. Nonetheless, Plaintiff claims non-receipt of the Motion to Dismiss. (Doc. 20). Notably, however, Plaintiff does not dispute receipt of all the other documents filed in this case nor do they address any failure to access the Court's docket. In fact, Plaintiff has been quite active in this case with various filings. (Docs. 12, 13, 14, 15, 17, 18, 19, 20). Thus, without more, Plaintiff's outright denial of receipt is insufficient to rebut the presumption that the Motion to Dismiss, properly mailed to the address on file, was received.

party is *pro se* and the filings are only barely late. (Doc. 18). In addition, Plaintiff requests the Court remove Magistrate Judge Kidd from the case with its Recusal Motion. (Doc. 19). As this request is without merit,[2] the Court hereby denies it. With the Report and the Motion to Dismiss filed and with no response to the Objections required from Defendant, this matter is ripe to be ruled upon.

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

---

[2] Plaintiff requests recusal because he believes *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) was incorrectly cited by Magistrate Judge Kidd and because Plaintiff suspects that the Magistrate Judge has been in previous discussion with Defendant due to similarities in the points made by Magistrate Judge Kidd and those argued in the Defendant's Motion to Dismiss. (Doc. 19, pp. 1–2). However, Magistrate Judge Kidd correctly cited to *Twombly*, not for its substantive ruling on Section 1 of the Sherman Act, but instead for its procedural holding on the standards for motions to dismiss which is directly on point. (Doc. 16, p. 2). In addition, the speculation regarding contact between Defendant and the Magistrate Judge is unfounded. Any similarity between the Report and the Motion to Dismiss is coincidental due to the law being in Defendant's favor here. Of course, Plaintiff may still yet prevail pending the filing of an amended complaint that might remedy the deficiencies laid out by Magistrate Judge Kidd.

For the following reasons, the Court overrules Plaintiff's objections to the Report and will dismiss the Amended Complaint without prejudice as recommended. With respect to Count I, Plaintiff nowhere addresses Magistrate Judge Kidd's recommended finding that this claim is due to be dismissed because state action is nowhere satisfied to invoke § 1983. (*See* Docs. 17, 20). With respect to Count II, Plaintiff likewise fails to address Magistrate Judge Kidd's recommended finding that this claim nowhere addresses whether Plaintiff has already exhausted administrative remedies. (*See* Docs. 17, 20). Because Plaintiff's remaining objections do not address these necessary components of the Report, they are accordingly frivolous and do not merit the Court's consideration. *Schultz*, 565 F.3d at 1361.

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Extension of Time to File Objections (Doc. 18) is **GRANTED**;

2. Plaintiff's Motion for Recusal (Doc. 19) is **DENIED**;

3. United States Magistrate Judge Embry J. Kidd's Report and Recommendation, filed on January 12, 2023 (Doc. 16), is **ADOPTED** and **CONFIRMED** and made a part of this Order;

4. Defendant's Motion to Dismiss is **GRANTED IN PART** (Doc. 7);

5. Plaintiff's Objections (Docs. 17, 20) are **OVERRULED**;

6. The Complaint (Doc. 1-3) is **DISMISSED WITHOUT PREJUDICE**;

7. On or before February 22, 2023, Plaintiff may file an Amended Complaint if he believes he can do so consistent with the directives in this Order and Rule 11 of the Federal Rules of Civil Procedure. Failure to timely will result in dismissal of this action with prejudice without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 3, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties